UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20557-KMM/TORRES

UNITED STATES OF AMERICA,

       Plaintiff,

v.

LAVONT FLANDERS,

       Defendant.
_____/

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS COUNTS 2, 3, AND 5**

This matter is before the Court on Defendant Lavont Flanders, Jr.'s ("Defendant") Motion to Dismiss Counts 2, 3, and 5 of the Indictment [D.E. 3] on the ground that those counts violate the statute of limitations provision of 18 U.S.C. § 3282. [D.E. 64]. Subsequent to the filing of Defendant's motion, a Superseding Indictment was filed [D.E. 71] which did not include Counts 3 and 5 of the original Indictment. Accordingly, Defendant's motion should be **Denied as moot** as to those counts.

With respect to Count 2, which is the same in both the original and Superceding Indictments, we have considered Defendant's motion, the government's Response in opposition thereto [D.E. 69], and the record in this case, and hereby recommend that the motion to dismiss Count 2 be **DENIED** for the reasons set forth below.

## I. DISCUSSION

On August 16, 2011, a grand jury in this district returned a twenty-two (22) count indictment against Defendant and his co-Defendant in connection with an alleged conspiracy to lure women to South Florida under false pretenses in order to audition for supposedly legitimate acting or modeling contracts, whereupon Defendants drugged and sexually assaulted the women and filmed the sex acts from which video-recordings were made and then sold. [D.E. 3]. On October 18, 2011, the grand jury returned a Superceding Indictment that retained many of the charges from the original Indictment, including Count 2. [D.E. 71]. As noted, Counts 3 and 5 were omitted from the new Indictment.

Count 2 alleges that Defendant committed acts in violation of 18 U.S.C. § 1591 from early May 2006 through May 17, 2006. [*Id.* at 8-9]. Thus, the conduct on which Count 2 is based occurred more than five years before the original indictment was returned in this case in August 2011.

Defendant moves to dismiss Count 2 on statute of limitations grounds. Citing 18 U.S.C. § 3282, which establishes a general five-year statute of limitations for non-capital offenses,[1] he argues that the limitations period for the charged conduct expired prior to his indictment.

Defendant's argument fails. In 2006, Congress enacted 18 U.S.C. § 3299 which eliminated the statute of limitations for certain crimes, including violations of 18

---

[1] Section 3282 provides in relevant part that "no person shall be prosecuted, tried, or punished for any offense . . . unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a).

U.S.C. § 1591, the statute at issue here.  *See* 18 U.S.C. § 3299 ("Notwithstanding any other law, an indictment may be found or an information instituted at any time without limitation under section 1201 involving a minor victim, and for any felony under chapter 109A, 110 (except for section 2257 and 2257A), or 117, or section 1591.").

The twist is that § 3299 did not take effect until July 27, 2006, a few months *after* the conduct for which Defendant is charged in Count 2 occurred (in May 2006). Application of § 3299 to Defendant's case implicates, but it does not violate, the *Ex Post Facto* Clause of the Constitution.[2]

That is because where, as here, a limitations period is extended before the original limitations period has expired, application of the new, longer limitations period does not violate the *Ex Post Facto* Clause.  *See United States v. Grimes*, 142 F.3d 1342, 1351 (11th Cir. 1998) (in which the Eleventh Circuit adopted the uniformly-held view that "application of a statute of limitations extended before the original limitations period has expired does not violate the *Ex Post Facto* Clause.").

Section 3299 extended the statute of limitations for § 1591 offenses in July 2006, long before the original five-year limitations period for Defendant's conduct would have

---

[2]   The *Ex Post Facto* Clause prohibits the enactment of

any statute which punishes as a crime an act previously committed, which was innocent when done, which makes more burdensome the punishment for a crime after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed[.]

*United States v. Grimes*, 142 F.3d 1343, 1350 (11th Cir. 1998) (quoting *Beazell v. Ohio*, 269 U.S. 167, 169 (1925)).

expired (in May 2011, based on conduct occurring in May 2006). Therefore, application of § 3299's "extended" limitations period to Defendant's case does not violate the *Ex Post Facto* Clause.

Accordingly, Count 2 of the Superceding Indictment charging Defendant with a violation of § 1591 "may be found . . . at any time without limitation." 18 U.S.C. § 3299. Because the limitations period had not expired when Defendant was indicted for this offense, his motion to dismiss Count 2 should be denied.

## II.  CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Defendant Lavont Flanders, Jr.'s Motion to Dismiss Counts 2, 3, and 5 [**D.E. 64**] be **DENIED as moot** as to Counts 3 and 5 of the original Indictment and **DENIED on the merits** as to Count 2 of the Superceding Indictment.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 8th day of November, 2011.

                                                 /s/ *Edwin G. Torres*
                                                 EDWIN G. TORRES
                                                 United States Magistrate Judge