UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.
AUG 31 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Case Style: USA v. Lavont Flanders, Jr.

District Court Docket Number: 1:11-cr-20557-KMM-1

MOTION FOR RELIEF AGAINST A JUDGMENT OBTAINED BY FRAUD

THIS CAUSE came before the Court upon the Defendant's Motion to Advise the District Court of it's Responsibility to take Appropriate Action upon learning of reliable evidence that a Lawyer Violated Applicable Rules of Professional Conduct i.e. Fraud before the Federal Courts. The Government Attorneys involved in this sophisticated Fraud perpetrated on the Court failed to file a reply to Documents 346, 347, and 348. This case is now ripe for review.

I. BACKGROUND

In August of 2011, Assistant United States Attorneys Roy Kalman Altman, Kenneth David Noto, Barbara A. Martinez, and the United States Attorney for the Southern District of Florida Wilfredo A. Ferrer indicted a federal child sex case against Lavont Flanders Jr, and a Co-Defendant named Emerson Callum.

1

The charges/counts included Online Child Sexual exploitation, the enticement of minors, the production of child pornography, and child sex trafficking - prostitution.

The Defendant was arrested on a sealed 31 page indictment on August 17, 2011 by the FBI, and Miramar Police. Please see Federal Arrest Record already attached to Documents 346, and 347. Mr. Flanders was then taken before Magistrate Judge Ted E. Bandstra to have the August 2011 indictment unsealed. Without any defense attorneys present for either defendant, Judge Bandstra unsealed the August 2011 indictment informing Mr. Flanders of the Federal Child Sex Crimes against him. Please see Document 103.

On August 24, 2011 Mr. Flanders retained Attorney Gina Tennen of Liberty Bell Law Group in California. Please see Document 21. Mr. Flanders immediately informed Attorney Gina Tennen of the federal child sex case against him. Mr. Flanders was later advised that the Government Attorney, Roy Kalman Altman provided her with Document 3, and it contained no child victims or child witnesses. She was ordered by Mr. Flanders to obtain the court transcript of the proceedings held on August 17, 2011.

Mr. Flanders informed Attorney Tennen that once the indictment was unsealed, the Judge read into the court record charges/counts depicting child sex crimes. Attorney Tennen advised Mr. Flanders that she had contacted the District Court regarding ordering the court transcripts of the proceedings that took place on August 17, 2011.

2

The Court reporter advised Attorney Tennen that it could take months before the transcripts of the proceedings of August 17, 2011 would be avalible. Please see Docket Entry 103, and the 11/14/2011 Docket Entry.

On October 18, 2011, Document 3 was allegedly superseded into Document 71. On November 28, 2011 the trial commenced, and on December 7, 2011 Mr. Flanders was found guilty on all counts of the alleged superseding indictment. Please see Docket Entry 132.

For over a decade Mr. Flanders has been trying to alert the District Court that the Attorneys for the United States obtained their judgment against him by way of misconduct, which included fraud. The District Court record is riddled with compleint's and motions from the Defendant concerning the attorneys suspected fraud. Please see Docket Entries 143, 152, 154, 156, 162, 189, 202, 258, 261, 264, 265, 268, 276, 277, 280, 281, 282, 287, 288, 289, 290, 291, 294, 295, 296, 297, 298, 300, 306, 307, 308, 309, 335, 336, 337, 341, 342, 343, and 346 through 352.

Mr. Flanders has an exstensive documented history of trying to alert the District Court that fraud was perpetrated on the court when the judgment was obtained against him.

Then on December 10, 2019, the Executive Office for United States Attorneys confirmed in a Freedom of Information Act official Reply that the August, 2011 indictment was suppressed by Government attorneys by using Section 552 (b) (3) in conjunction with the child

Victim and Child Witnesses' Rights Statute 18 U.S.C. 3509 (d), as well as exemptions (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(F).

This vital information from the Executive Office for United States Attorneys, the Official-Record Keeper for the United States Attorneys Office for the Southern District of Florida confirmed that Document 3 was a complete and total fraudulent Document because it did not contain any child victims, or child witnesses that required the protection of the Child Victim and Child Witnesses' Rights Statute, 18 U.S.C. 3509 (d).

There was only one August, 2011 indictment, and that indictment that was suppressed by Government Attorneys using the Child Victim and Child Witnesses' Rights Statute, 18 U.S.C. 3509 (d) matches the indictment read into the Court record by Magistrate Judge Ted E. Bandstra in Document 103 before being suppressed and replaced by Government Attorney Roy Kalman Altman.

Moreover, because Document 3 is now a confirmed fraudulent Document, the alleged superseding indictment, Document 71 is also a complete and total fraud. The only difference between Documents 3 and 71 is that Document 71 dropped alleged victims Javonna Hines, or J.H., and Chantel Kennedy, or C.K.. Document 71 then adds alleged victims Lucrece Williams, or L.W., Laiken Harris, or L.H., and Reba Williams, or R.W.

4

The fraudulent document also adds Mr. Emerson Callum to Count 3, the alleged drug count. Please See fraudulent Documents 3, and 71 to confirm these facts.

What the Government Attorneys did in the case at bar is unprecedented, they perpetrated a highly sophisticated fraud on the federal courts alleging that Mr. Flanders alleged sexual conduct involved adult women, when in fact the true bills of indictment only involved sexual allegations against child victims, and child witnesses. Mr. Flanders proceeded to trial on the fraudulent indictments, and the Government obtained the Judgment against him.

After uncovering the fraud perpetrated on the Court; On April 27, 2020 the Defendant filed a Motion to Advise the District Court of it's Responsibility to take Appropriate Action Pursuant to Canon's 3(B)3 and 3(B)5 of the Code of Conduct for United States Judges upon Learning of Reliable Evidence Indicating the likelihood that a Lawyer Violated Applicable Rules of Professional Conduct before the District Court and the Court of Appeals. All of the Attorneys for the Government perpetrated a fraud on the District Court, aswell as the Court of Appeals for the Eleventh Circuit.

The Defendant also Amended Document 346 with Document 347 on May 5, 2020. On May 11, 2020 the Defendant filed a Motion to Dismiss the case as a Sanction for the misconduct i.e. fraud that was committed by the Government Attorneys when they obtained the Judgment/Verdict against Mr. Flanders.

5

Mr. Flanders is a Pro Se Defendant, and his pleadings are to be liberally construed. Please see Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) "We liberally construe a pro se litigant's pleadings."

Mr. Flanders is clearly arguing that the Government obtained a judgment by way of fraud upon the Court, and the District Court has a Responsibility to take Appropriate Action because of the public interest involved in the Judgment against him. It matters not how long it took Mr. Flanders to uncover the fraud perpetrated upon the Courts, and he will not be denied relief because it took over a decade to uncover the highly sophisticated fraud. Please see Hazel-Atlas Glass Co. v. Hartford-Empire Co. 88 L.Ed. 1250, 322 U.S. 238-271 (1944), "Because of the public interest involved, equitable relief against a judgment obtained by fraud... will not be denied because the party seeking it has not exercised the highest degree of diligence in uncovering the fraud."

II. LEGAL STANDARD

The District Court possesses the inherent power to vacate their own judgments upon proof that a fraud has been perpetrated upon the Court. "The severest of sanctions are appropriate when the tampering with the administration of justice is ... indisputably shown." See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed 1250 (1944)

In the case at bar, the tampering with the administration of Justice has been indisputably shown by the Defendant and the Executive Office for United States Attorneys. "Tampering with the administration of Justice in the manner indusputebly shown here involves far more than an injury to a single litigant. It is a wrong on the other grounds. See Standard Oil Co. V. United States, 429 U.S. 17, 18 (1976), institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently within the good order of society." Id. at 246.

In the case at bar, the Government Attorneys who perpetrated this sophisticated fraud upon the federal courts exhibited such poor behavior, that their behavior surrounding the fraud on the Court is deserving of drastic sanctions. In the case at bar, the Government Attorneys willfully disobeyed a court order, the Government Attorneys all acted in bad faith, the government attorneys all practiced fraud upon the Courts, the government attorneys all disrupted litigation, and the government attorneys all disrupted the administration of Justice. "Such poor behavior must be severe and deserving drastic sanctions; examples include willfully disobeying a Court order, act in bad faith, Practicing fraud upon the Court, disrupting litigation, or otherwise disrupting the administration of Justice. See Chambers V. NASCO, Inc., 501 U.S. 32, 44, 111 S.Ct. 2123, 2132-33, L.Ed. 2d 27 (1991). The Government Attorneys are guilty of all of these examples.

7

In Hazel-Atlas Glass Co. V. Hartford-Empire Co., 322 U.S. 238, 64 S. Ct. 997, 88 L. Ed. 1250, 1944 Dec. Comm'r Pat. 675 (1944), the Supreme Court held that "the power to grant [e]quitable relief against fraudulent judgments is not of statutory creation." Fierro v. Johnson, 197 F.3d 147, 152 (quoting Hazel-Atlas, 322 U.S. at 248), and it has repeatedly found that "federal courts possess the inherent power to vacate their own judgments upon proof that a fraud has been perpetrated upon the Court." Id. (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44, 112 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) citing Hazel-Atlas, 322 U.S. at 238)).

The District Court for the Southern District of Florida has always possessed the inherent power to vacate it's own judgment upon proof that a fraud has been perpetrated upon the Court, such as in this case. Because of the public interest involved concerning the fraud perpetrated upon the Court in this case which is a Media Case, this Court must use it's inherent power to vacate the case at bar because fraud was perpetrated upon the Court. Justice demands that this case be vacated, and dismissed with prejudice without any further delay. This Court should also take into consideration that COVID-19 is infecting and killing inmates because it is impossible to socially distance in a correctional setting.

Because it has been indisputably shown that the Government tampered with the administration of Justice, this Court must vacate it's own Judgment, and dismiss this case with prejudice.

Respectfully Submitted,

Lavont Flanders Jr., pro se
Reg No. 97156-004
United States Penitentiary Tucson
P.O. Box 24550
Tucson, AZ 85734

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

### CERTIFICATE OF SERVICE

The Defendant HEREBY CERTIFIES, under the penalty of perjury that the aforementioned statements are true and correct. The instant Motion is timely filed in accordance with the mailbox rule as proscribed by Title 28 U.S.C. 1746. The instant Motion was given to prison staff for mailing on August 21, 2020. The Legal Mail was affixed with pre-paid postage, which was addressed and sent to this Court at 400 North Miami Avenue, Miami, Florida 33128-7716. A copy of this Motion was also mailed to the United States Attorneys Office at 99 NE 4th Street, Miami, Florida 33132.

Signed and Dated on August 21, 2020

Respectfully Submitted,

*[signature]*

Lavont Flanders Jr., pro se
Reg No. 97156-004
USP-Tucson
P.O. Box 24550
Tucson, AZ 85734

Lavont Flanders Jr
Reg No. 97156-004
United States Penitentiary Tucson
P.O. Box 24550
Tucson, AZ 85734


7020 0640 0000 7418 5028

   
 



Case No. 1:11-cr-20557-KMM-1
United States District Court
Southern District of Florida
Office of the Clerk - Room 8N09
400 North Miami Avenue
Miami, Florida 33128-7716

Legal Mail