UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY PG D.C.
SEP 09 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

United States of America

vs.                         Case No. 11-CR-20557-MOORE

Lavont Flanders Jr.

SUPPLEMENT TO THE DEFENDANT'S MOTION FOR RELIEF AGAINST A JUDGMENT OBTAINED BY FRAUD

The Defendant HEREBY TIMELY Supplement's his Motion For Relief Against a Judgment or Verdict that was obtained by Fraud. The District Court has a Responsibility to take Appropriate Action Pursuant to Canon's 3(B)(3) and 3(B)(5) of the Code of Conduct for United States Judges upon Learning of Reliable Evidence Indicating the Likelihood that a Lawyer Violated Applicable Rules of Professional Conduct before the District Court, and the United States Court of Appeals For The Eleventh Circuit.

This Supplement is being timely filed on August 31, 2020. This Court is being Notified that Former AUSA Roy Kalman Altman, AUSA Kenneth David Noto, AUSA Barbara A. Martinez, and USA Wifredo Ferrer, all Government Lawyers at the time Violated Applicable Rules of Professional

1

Conduct by Committing Fraud, and Suppressing exculpatory evidence concerning the October, 2011 Superseding Indictment. They all violated the Applicable Rules of professional Conduct before the District Court, and the Court of Appeals for the Eleventh Circuit, aswell as the United States Supreme Court because the Defendant sought review from the Supreme Court.

On July 29, 2020 the Defendant submitted a FOIA Request to the United States Department of Justice, Executive Office for United States Attorneys to determine if the alleged Superseding Indictment for October 2011 was a valid Document. This Request came about because the (EOUSA) is the Official Record-Keeper for the United States Attorneys Office for the Southern District of Florida, and the only way to determine whether the Superseding Indictment, DE-71 was a authentic Document, the (EOUSA) was contacted to authenticate this alleged Document. As the Defendant suspected, Document 71 is a complete and totally Fraudulent Indictment. The (EOUSA) confirmed that the October, 2011 Superseding Indictment in they're Official Records can not be released due to 30 pages of sexual crimes against Child Victims, and Child Witnesses. The Executive Office for United States Attorneys go on to say that due to the children Victims, and Child Witnesses, that require the Protection of the Child Victim and Child Witnesses' Rights Statute

2

18 U.S.C. 3509 (d), aswell as other exemptions listed in the Official Reply from the (EOUSA) on August 18, 2020. Please see Exhibit A. The Applicable Rules of Professional Conduct violated by the Government Lawyers in case is unprecedented. This Court is being notified by the Defendant, and the evidence provided by the U.S. Department of Justice that all of the Lawyers listed in this Motion violated Applicable Rules of Professional Conduct by suppressing exculpatory evidence, Manufacturing Fraudulent Indictments, and committing Fraud upon the Courts. The Fraudulent October, 2011 Superseding Indictment was provided to the Court by Government Lawyers Roy Kalman Altman, Kenneth David Noto, Barbara A. Martinez, and Wifredo Ferrer, the USA for the Southern District of Florida in 2011. The Document they all entered or provided to the Court is a complete and total Fraud. The District Court is now aware of Applicable Rules of Professional Conduct Violated by the Government Lawyers, now the District Court has a Responsibility to take Appropriate Action Pursuant to the Canon's of the Code for United States Judges. Because of the Violations of Applicable Rules of Professional Conduct, Mr. Flanders has been falsely imprisoned for over a decade, Mr. Flanders has been kidnapped because he was transported across multiple state lines. Because the Government Lawyers Tampered with the Administration of Justice when they all violated Applicable Rules of Professional Conduct, the Appropriate Action for this Court to take is the dismissal of this case with Prejudice. This Court must take Action without any further delay.

3

"Tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong on the other grounds. See Standard Oil Co. v. United States, 429 U.S. 17, 18 (1976). institutions set up to protect and safeguard the public, institutions in which Fraud cannot complacently be tolerated consistently within the good order of Society." Id. at 246.

The District Court has been officially advised that the Government Lawyers Violated the Applicable Rules of Professional Conduct by acting in bad faith, practicing fraud upon the Courts, disrupting litigation, and disrupting the Administration of Justice. This Court has a Responsibility to take Appropriate Action Pursuant to Canon's 3(B)(3) and 3(B)(5), aswell as other Canon's of the Code of Conduct for United States Judges upon Learning of Reliable Evidence Indicating the Likelihood that a Lawyer Violated Applicable Rules of Professional Conduct.

The Tampering with the Administration of Justice has been indisputably shown by the Executive Office for United States Attorneys in their August 18, 2020 Official Letter. The Appropriate Action to take in this case is to Vacate. In Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250, 1944 Dec. Comm'r Pat. 675 (1944), the Supreme Court held that

"the power to grant" [E]quitable relief against fraudulent Judgments is not of statutory creation." Fierro v. Johnson, 197 F.3d 147, 152 (quoting Hazel-Atlas, 322 U.S. at 248), and it has repeatedly found that "Federal Courts possess the inherent power to vacate their own Judgments upon proof that a fraud has been perpetrated upon the Court." Id. (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed. 2d 27 1991) (citing Hazel-Atlas, 322 U.S. at 238)). Due to interference by government officials, the Lawyers listed in this Supplement, this will constitute "cause" should the government attempt to raise a procedural default. Please See HAMILTON vs. MCCOTTER, 772 F.2d 171 (5th Cir. 1985) (holding that the manufacturing of fraudulent indictments by the Dallas District Attorney's Office excused Petitioner for failing to raise the claim previously).

The Defendant, Lavont Flanders Jr hereby asks this Court to take the Appropriate Action and Vacate this case with Prejudice.

Respectfully Submitted on August 31, 2020

*[signature]*

Lavont Flanders Jr., Pro Se
Reg No. 97156-004

5

## CERTIFICATE OF SERVICE

The Defendant HEREBY CERTIFIES, under Penalty of Perjury that the aforementioned statements are true and correct. He also Certifies that the instant motion complies with the mailbox rule proscribed by Title 28 U.S.C. 1746. The instant motion was delivered to prison authorities on August 31, 2020 for mailing to the District Court located at 400 N. Miami Avenue, Miami Florida 33128; and a copy was mailed to the United States Attorney's Office at 99 NE 4th Street, Miami, Florida 33132.

Signed and Dated on August 31, 2020

Respectfully Submitted,

Lavont Flanders Jr., Pro Se
Reg No. 97156-004
United States Penitentiary Tucson
P.O. Box 24550
Tucson, AZ 85734



U.S. Department of Justice

Executive Office for United States Attorneys

---

Freedom of Information and Privacy Staff    Suite 5.400, 3CON Building    (202) 252-6020
                                            175 N Street, NE              FAX (202) 252-6048
                                            Washington, DC  20530

August 18, 2020

Lavont Flanders, Jr.
#97156-004, USP
P.O. Box 24550
Tucson, AZ, 85734

Re: Request Number: FOIA-2020-004038
Date of Receipt: July 29, 2020
Subject of Request: Superseding Indictment (October, 2011)

Dear Mr. Flanders:

    Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Office.

    To provide you with the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

    The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a being denied in full.

    Enclosed please find:

__0__ page(s) are being released in full (RIF);
__0__ page(s) are being released in part (RIP);
__30__ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

Exhibit A

      The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

(b)(3) in conjunction with The Child Victim and Child Witnesses' Rights Statute, 18 U.S.C. § 3509(d)
(b)(6)
(b)(7)(C)
(b)(7)(D)
(b)(7)(F)

      This is the final action on this above-numbered request. If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following website: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

      You may contact our FOIA Public Liaison at the Executive Office for United States Attorneys (EOUSA) for any further assistance and to discuss any aspect of your request. The contact information for EOUSA is 175 N Street, NE, Suite 5.400, Washington, DC 20530; telephone at 202-252-6020; or facsimile 202-252-6048. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Kevin Krebs
Assistant Director

Enclosure(s)



U.S. Department of Justice

Executive Office for United States Attorneys

---

Freedom of Information and Privacy Staff

*Suite 5.400, 3CON Building*
*175 N Street, NE*
*Washington, DC 20530*

*(202) 252-6020*
*FAX (202) 252-6048*

August 18, 2020

Lavont Flanders, Jr.
#97156-004, USP
P.O. Box 24550
Tucson, AZ, 85734

Re: Request Number: <u>FOIA-2020-004038</u>
Date of Receipt: <u>July 29, 2020</u>
Subject of Request: <u>Superseding Indictment (October, 2011)</u>

Dear Mr. Flanders:

    Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Office.

    To provide you with the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

    The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a being denied in full.

    Enclosed please find:

    __0__ page(s) are being released in full (RIF);
    __0__ page(s) are being released in part (RIP);
    __30__ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

Exhibit A

The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

(b)(3) in conjunction with The Child Victim and Child Witnesses' Rights Statute, 18 U.S.C. § 3509(d)
(b)(6)
(b)(7)(C)
(b)(7)(D)
(b)(7)(F)

This is the final action on this above-numbered request. If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following website: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

You may contact our FOIA Public Liaison at the Executive Office for United States Attorneys (EOUSA) for any further assistance and to discuss any aspect of your request. The contact information for EOUSA is 175 N Street, NE, Suite 5.400, Washington, DC 20530; telephone at 202-252-6020; or facsimile 202-252-6048. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Kevin Krebs
Assistant Director

Enclosure(s)

Lavont Flanders Jr
Reg No. 97156-004
United States Penitentiary Tucson
P.O. Box 24550
Tucson, AZ 85734

Case No. 11-CR-20557-MOORE
District Court of Southern Dis
Office of the Clerk
400 North Miami Avenue
Miami, Florida 33128-7716

USMS INSPECTED
By



Legal Mail

FEDERAL CORRECTIONS COMPLEX
9300 S WILMOT ROAD
TUCSON, ARIZONA 85756

DATE: 9/2/20

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for any further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.